IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION

| | |
|---|---|
| REGINALD ANDERSON,<br><br>     Petitioner<br><br>  VS.<br><br>DON JARRIEL, WARDEN,<br><br>     Respondent | NO. 1:07-CV-24 (WLS)<br><br>PROCEEDING UNDER 28 U.S.C. §2254<br>BEFORE THE U.S. MAGISTRATE JUDGE |

## RECOMMENDATION

Petitioner REGINALD ANDERSON filed this federal habeas petition challenging his 2000 Dougherty County convictions for possession of cocaine with the intent to distribute and obstruction of an officer. Tab #2. He was found guilty of these charges following a November, 2000 jury trial and was sentenced as a recidivist to thirty (30) years imprisonment without parole, plus twelve (12) months concurrent. His convictions and sentences were affirmed on direct appeal on June 4, 2003. *Anderson v. State*, No. A03A0188 (Ga. App. June 4, 2003) (unpublished). He filed a state habeas corpus petition on October 20, 2003. Following an evidentiary hearing on August 25, 2004, the state habeas corpus court denied relief in an order filed November 29, 2005. The Georgia Supreme Court denied petitioner Anderson's application for a certificate of probable cause to appeal on October 2, 2006. He then filed this federal petition in January of 2007.

### STANDARD OF REVIEW

Under the Anti-Terrorism and Effective Death Penalty Act ("AEDPA"), a federal court's "review is greatly circumscribed and is highly deferential to the state courts." *Crawford v. Head*, 311 F.3d 1288, 1295 (11th Cir. 2002). Pursuant to 28 U.S.C. § 2254 (d)(1), a federal court may not grant habeas relief on the basis of a claim adjudicated on the merits in state court unless that adjudication "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States."

In interpreting this portion of the federal habeas corpus rules, the Supreme Court has ruled that a state decision is "contrary to" clearly established Supreme Court precedent if the state court either (1) arrives at a conclusion opposite to that reached by the Supreme Court on a question of law, or (2) confronts facts that are "materially indistinguishable" from a relevant Supreme Court precedent and arrives at an opposite result. *Williams v. Taylor*, 529 U.S. 362, 405, 120 S. Ct. 1495 (2000).

Moreover, the Court held that "[u]nder § 2254(d)(1)'s 'unreasonable application' clause, then, a federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." *Id.* at 411. An unreasonable application of Supreme Court precedent occurs "if the state court identifies the correct governing legal rule from [Supreme Court] cases but unreasonably applies it to the facts of the particular state prisoner's case." *Id.* at 407. "In addition, a state court decision involves an unreasonable application of Supreme Court precedent 'if the state court either unreasonably extends a legal principle from [Supreme Court] precedent to a new context where it should not apply or unreasonably refuses to extend that principle to a new context where it should apply.'" *Bottoson v. Moore*, 234 F.3d 526, 531 (11th Cir. 2000) (quoting *Williams*, 529 U.S. at 407)).

Accordingly, a petitioner must first establish that the state habeas corpus court's adjudication of his claims was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1). In other words, as this is a post-AEDPA case, the petitioner herein may obtain federal habeas corpus relief *only* if the challenged state court decision was either contrary to or an unreasonable application of Federal law as determined by the Supreme Court. *Williams*, 529 U.S. at 406.

The AEDPA retains the statutory presumption of correctness that is to be afforded state courts' factual findings. 28 U.S.C. § 2254(e)(1). *See Crawford*, 311 F.3d at 1295; *Sumner v. Mata*, 449 U.S. 539, 547 (1981). The facts as found by the Georgia Court of Appeals reflect that the petitioner's convictions arose from the November 22, 1999, search of an Albany, Georgia apartment by the Albany-Dougherty Drug Unit, pursuant to a search warrant. Petitioner Anderson was found at the apartment in possession of crack cocaine. Tab #11, exhibit 5.

### PETITIONER'S HABEAS CORPUS CLAIMS

In his application for habeas corpus relief, petitioner Anderson sets forth nine (9) grounds for relief. In **Grounds One, Three, Five, Six, and Eight, part 3** of his petition, petitioner Anderson raises claims presented to and found by the state habeas court to be procedurally defaulted. Similarly, the respondent asserts that a portion of **Ground One**, as well as part three of **Ground Eight** are procedurally defaulted in that they were not previously presented to the state courts for review. Counsel for the respondent asserts that these claims are procedurally defaulted under Georgia's successive petition rule, as petitioner Anderson did not raise these claims in his state habeas corpus petition or on direct appeal and would not be allowed to do so in a second state habeas corpus action. O.C.G.A. § 9-14-51. Under Georgia law, any grounds for habeas corpus relief not raised in an original or amended habeas petition

> *are waived unless the Constitution of the United States or of this state otherwise requires or unless any judge to whom the petition is assigned, on considering a subsequent petition, finds grounds for relief asserted therein which could not reasonably have been raised in the original or amended petition.*

*Id.*

3

A state prisoner may not obtain federal habeas corpus relief on a claim that the state courts refused to consider or would refuse to consider due to his failure to timely raise the claim at trial and/or on appeal, unless the petitioner can establish cause for the failure and actual prejudice resulting therefrom, or a fundamental miscarriage of justice if the federal court does not consider the claims. *Wainwright v. Sykes*, 433 U.S. 72 (1977); *Coleman v. Thompson*, 501 U.S. 722, 724 (1991). Both cause and prejudice must be established in order to overcome the procedural bar, and the burden of demonstrating cause lies with the petitioner. *McCoy v. Newsome*, 953 F.2d 1252, 1260 (11th Cir. 1992).

"[T]he existence of cause for a procedural default must ordinarily turn on whether the prisoner can show that some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule." *Murray v. Carrier*, 477 U.S. 480, 488 (1986). Herein, petitioner Anderson has failed to establish either cause or prejudice for the procedural default of the claims at issue. The petitioner has not established cause and actual prejudice to excuse the procedural default of these claims, nor has he established a fundamental miscarriage of justice if his claims are not heard.

In **Ground Two**, petitioner Anderson raises Fourth Amendment claims, arguing that his conviction was obtained by use of evidence taken in an unlawful search and seizure. The Georgia Court of Appeals found these claims to be without merit, and the respondent asserts that this ground is precluded from Federal court review under the dictates of *Stone v. Powell*, 428 U.S. 465 (1976). In *Stone*, the Supreme Court provided that

> *where the State has provided an opportunity for full and fair litigation of a Fourth Amendment claim, a state prisoner may not be granted federal habeas corpus relief on the ground that evidence obtained in an unconstitutional search or seizure was introduced at his trial.*

*Id.* at 494-95.

4

As petitioner Anderson was provided with a full and fair opportunity to litigate his Fourth Amendment claims in the state courts below, these claims cannot form the basis for federal habeas relief herein.

The respondent maintains that **Grounds Four and Seven** fail to raise valid grounds for federal habeas relief. In Grounds Four and Seven, petitioner Anderson raises challenges to certain of the trial court's rulings, but raises no federal and/or constitutional questions. He challenges the trial court's use of his prior conviction(s) as evidence. However, "it is not the province of a federal habeas court to reexamine state-court determinations of state-law questions. In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States." *Estelle v. McGuire*, 112 S. Ct. 475, 480 (1991). The alleged errors set forth by petitioner Anderson in Grounds Four and Seven center on state court determinations of state law questions, and as such, are outside the province of federal habeas corpus review. *Id.*

In **Ground Eight, parts 1 and 2**, the petitioner claims that he received ineffective assistance of counsel at trial. These identical grounds were raised in petitioner's state habeas corpus petition and consist of claims that trial counsel failed to object to a witness' opinion testimony and erroneously informed petitioner regarding his indictment status.

In order to establish that his counsel's representation was constitutionally defective, the petitioner must show (1) that his counsel's representation was deficient, and (2) that the petitioner was prejudiced by his counsel's alleged deficient performance. *Strickland v. Washington*, 466 U.S. 668 (1984); *Smith v. Wainwright*, 777 F.2d 609, 615 (11th Cir. 1985). The petitioner "must overcome the presumption, that, under the circumstances, the challenged action 'might be considered sound [trial] strategy'". *Strickland*, 466 U.S. at 688 (quoting *Michel v. Louisiana*, 350 U.S. 91, 101 (1955)).

5

"Our role in collaterally reviewing state judicial proceedings is not to point out counsel's errors, but only to determine whether counsel's performance in a given proceeding was so beneath prevailing professional norms that the attorney was not performing as 'counsel' guaranteed by the sixth amendment." *Bertolotti v. Dugger*, 883 F.2d 1503, 1510 (11th Cir. 1989).  The two-prong *Strickland* test applies to guilty plea challenges, although the prejudice requirement "focuses on whether counsel's constitutionally ineffective performance affected the outcome of the plea process. In other words, in order to satisfy the 'prejudice' requirement, the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 59 (1985).

The *Strickland* court stated that "[a] court need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies. . . . If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, . . . that course should be followed." *Strickland*, 466 U.S. at 697.  The court's determination of prejudice to the petitioner must consider the totality of the evidence before the jury and ask if "the decision reached would reasonably likely have been different absent the errors." *Strickland,* 466 U.S. at 696.

It does not appear, nor has petitioner shown, that the state habeas corpus court's decision in this matter was contrary to or an unreasonable application of federal law.  The court cited to and relied on the principles governing ineffectiveness set forth in *Strickland v. Washington*, the clearly established law in this area, and determined that plaintiff's trial counsel provided the plaintiff with effective representation.  Relying on the principles of *Strickland* and its incorporation into Georgia law, the court found that counsel was not deficient and did not prejudice petitioner at trial.  The facts as found by the state habeas corpus court evidence counsel's effective representation.  Therefore, Ground Eight, parts one and two will not support the granting of habeas corpus relief herein.

In **Ground Nine**, petitioner Anderson raises a claim of ineffective assistance of appellate counsel. A criminal defendant has a right to counsel on appeal, "limited to the first appeal as of right". *Evitts v. Lucy*, 469 U.S. 387, 394 (1985). However, this right does not encompass a right to compel said counsel to pursue every claim deemed meritorious by the defendant. The Supreme Court has expressly held that "[n]either *Anders* nor any other decision of this Court suggests, [however], that the indigent defendant has a constitutional right to compel appointed counsel to press nonfrivolous points requested by the client, if counsel, as a matter of professional judgment, decides not to present those points." *Jones v. Barnes*, 463 U.S. 745, 751 (1983). "Experienced advocates since time beyond memory have emphasized the importance of winnowing out weaker arguments on appeal and focusing on one central issue if possible, or at most on a few key issues." *Id.*

As with the appellate decision affirming petitioner's convictions and sentence, it does not appear, nor has petitioner shown, that the state habeas corpus court's decision in this matter was contrary to or an unreasonable application of federal law. The court cited to and relied on the principles governing ineffectiveness set forth in *Strickland v. Washington*, finding that petitioner had failed to show any prejudice resulting from counsel's alleged ineffectiveness. Thus, this ground for relief will not support the granting of habeas relief herein.

Inasmuch as the grounds for relief raised herein will not support the granting of habeas corpus relief, it is the RECOMMENDATION of the undersigned that this petition be **DENIED**. Pursuant to 28 U.S.C. § 636(b)(1), petitioner Anderson may serve and file written objections to this recommendation with the Honorable W. Louis Sands, United States District Judge, **WITHIN FOURTEEN (14) DAYS** after being served with a copy thereof.

SO RECOMMENDED, this 19th day of FEBRUARY, 2010.



                      CLAUDE W. HICKS, JR.
                      UNITED STATES MAGISTRATE JUDGE